**John DILLARD, et al., Plaintiffs,**

v.

**CRENSHAW COUNTY, etc., et al., Defendants.**

Civ. A. No. 85–T–1332–N.

United States District Court, M.D. Alabama, N.D.

Feb. 25, 1988.

James U. Blacksher, Mobile, Ala., Larry Menefee, Birmingham, Ala., Edward Still, Reeves & Still, Birmingham, Ala., Julius L. Chambers, Lani Guinier, Pamela Karlan, NAACP Legal Defense Fund, New York City, for plaintiffs.

David R. Boyd, Balch & Bingham, Montgomery, Ala., for Lawrence County et al.

Rosa Hamlett Davis, Susan E. Russ, Asst. Attys. Gen., Montgomery, Ala.

Herbert D. Jones, Jr., H.R. Burnham, Burnham, Klinefelter, Halsey, Jones & Cater, Anniston, Ala., for Calhoun County.

ORDER

MYRON H. THOMPSON, District Judge.

In this case brought under section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973, this court entered a judgment on October 21, 1986, first, rejecting the at-large chair position suggested by Calhoun County, Alabama to cure the sec-

---

tion 2 violation in the manner by which the county elects its commissioners, and, second, requiring in its place that the county rotate the chair among the five associate commissioners. *Dillard v. Crenshaw County,* 649 F.Supp. 289 (M.D.Ala.1986). The Eleventh Circuit Court of Appeals held that this court "was correct to reject the at-large chair position as proposed by Calhoun County," *Dillard v. Crenshaw County,* 831 F.2d 246, 253 (11th Cir.1987), but remanded this case with instructions that this court consider, in light of the appellate opinion, "either ... reaffirmation of the rotating chairperson system or ... approval of a proposed alternative that fully preserves the elected integrity of the body of associate commissioners." *Id.*

The parties are in agreement as to what action the court should now take on remand. They have each filed a motion asking that the court reaffirm the rotating chair system. It is, accordingly, ORDERED:

(1) That the plaintiffs' and the Calhoun County defendants' motions to reaffirm, filed on February 19 and 22, 1988, are granted; and

(2) That judgment of the court made and entered in this cause on October 21, 1986, as to the Calhoun County defendants is reaffirmed and is continued in full force and effect.